UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 05-409-KSF

ROBERT STEELE                                                                                       PLAINTIFF

V.                                          **OPINION & ORDER**

FORD MOTOR CO., *et al.*                                                                     DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion of defendant Collins Ford of Lexington, LLC, d/b/a Man O War Ford and Man-O-War Ford ("Collins") for summary judgment [DE #37].

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Robert Steele purchased or leased a Ford Motor Company ("Ford") F-250 diesel pickup truck from defendant Collins in January of 2002. In September of 2003, the vehicle caught on fire while parked in the plaintiff's garage, causing property damages to the vehicle, the plaintiff's garage, and its contents.

The plaintiff, a Kentucky citizen, filed this action in Jessamine County, Kentucky, Circuit Court in September of 2005. Therein, he alleged that the vehicle caught fire due to a design defect in the cruise control deactivation switch. Specifically, he alleges that the vehicle carried a constant electrical current to the cruise control deactivation switch even when the vehicle was turned off, thus creating excessive heat which resulted in a fire in the engine compartment. In his complaint, the plaintiff alleged that Ford had defectively designed, manufactured, and constructed an unreasonably dangerous vehicle, which was ultimately leased to the plaintiff by

defendant Collins. The plaintiff also alleged that Collins knew or should have known that the vehicle was in a defective condition and unreasonably dangerous to the consumer. The plaintiff further alleged that the defendants were negligent in the design, manufacture, construction, and sale of the vehicle, failed to warn the plaintiff of the dangerous condition, and that Collins breached both express and implied warranties with respect to the vehicle.

**II.    ANALYSIS**

**A.    Subject Matter Jurisdiction**

Before reaching the merits of Collins's motion, the Court is compelled to discuss subject matter jurisdiction with respect to this case. Ford filed a notice of removal in this Court on October 5, 2005. Therein, it asserted that the plaintiff had fraudulently joined defendant Collins, a Kentucky corporation, for the sole purpose of defeating diversity jurisdiction and that Collins should be disregarded in determining diversity of citizenship because the complaint failed to state a claim under Kentucky law. Specifically, Ford argued that the plaintiff's claims against Collins were barred by K.R.S. § 411.340 (hereinafter "Kentucky's Middleman Statute"), which states as follows:

> In any product liability action, if the manufacturer is identified and subject to the jurisdiction of the court, a wholesaler, distributor, or retailer who distributes or sells a product, upon his showing by a preponderance of the evidence that said product was sold by him in its original manufactured condition or package, or in the same condition such product was in when received by said wholesaler, distributor or retailer, shall not be liable to the plaintiff for damages arising solely from the distribution or sale of such product, unless such wholesaler, distributor or retailer, breached an express warranty or knew or should have known at the time of distribution or sale of such product that the product was in a defective condition, unreasonably dangerous to the user or consumer.

Id. In its memorandum in support of removal, Ford asserts that it is the manufacturer and is

subject to this Court's jurisdiction. It also alleges that the vehicle was sold in its original manufactured condition and in the same condition it was in when it was received by Collins. Thus, the first two prerequisites are satisfied. Ford also asserts that Collins did not breach any express warranties and could not have known the vehicle was defective because it never performed any service on any system that was a possible cause of the fire.

The question of the Court's subject matter jurisdiction has never been presented to the Court by way of motion. A motion to remand by the plaintiff would have easily accomplished this. Further, Collins never filed a motion to dismiss and the parties never stipulated to dismiss the claims against Collins. Therefore, the claims against Collins remain at this point in the litigation. However, the fact that the parties have not raised the issue of subject matter jurisdiction does not resolve it. See, e.g., Chicago, Burlington, & Quincy Ry. Co. v. Willard, 220 U.S. 413, 462-63 (1911) (stating that when jurisdiction depends on diversity of citizenship, the parties' diversity must be established and cannot be overlooked by the Court, even if the parties do not call attention to the matter or consent that any defects may be waived).

The burden of establishing jurisdiction is upon the defendant as the removing party. Gafford v. General Elec. Co., 997 F.2d 150, 155 (6th Cir. 1993). The Sixth Circuit explained the relevant considerations in analyzing a claim of fraudulent joinder as follows:

> [T]he removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party. All doubts as to the propriety of removal are resolved in favor of remand.

Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999).

The Court finds that Ford satisfied its burden in this case of proving that Collins was fraudulently joined in this case. Clearly, Kentucky courts are willing to impose liability upon dealers such as Collins under the circumstances outlined in Kentucky's Middleman Statute. While the complaint expressly alleges that Collins breached express warranties and knew or should have known of the vehicle's alleged defect, that is essentially *all* it alleges. The plaintiff does not allege additional facts from which the Court could infer that Collins breached any express warranty or that Collins should have been aware of the vehicle's alleged defect. The plaintiff has simply made no allegation that Collins had any special knowledge to foresee the ultimate danger any better than the average citizen. See, e.g., Funk v. Wagner Machinery, 710 S.W.2d 860, 862 (Ky. Ct. App. 1986) (stating that this would have been a fact question for the jury "if the [plaintiff] alleged there to exist any fact from which such knowledge could be inferred"). The following is particularly applicable to the present case:

> Kentucky courts have not defined the kind of allegations necessary to overcome KRS 411.340 in these circumstances. However, Kentucky courts would undoubtedly require that to maintain a non-frivolous action against a retailer such as [the defendant], Plaintiff state something more than that the seller bore the same knowledge as the buyer. A contrary finding would render the statute's language superfluous; virtually any retailer under any circumstances could be subject to suit and liability by merely selling an item. At the very least, Plaintiffs must allege some more specific or special knowledge of dangerousness by the retailer to avoid the protections afforded by KRS 411.340. Plaintiff have failed to do so in this case.

Weixler v. Paris Co., 2003 WL 105503 (W.D. Ky. 2003) (denying motion to remand). Based on the above, the Court finds that the plaintiff could not have established a cause of action against Collins under state law based upon Kentucky's Middleman Statute despite the conclusory

-4-

allegations in the plaintiff's complaint that Collins breached certain express warranties and knew or should have known that the vehicle was defective. Thus, jurisdiction is proper before this Court.

    **B.**    <u>**Summary Judgment**</u>

Turning now to Collins's motion for summary judgment, Collins argues that there is no evidence that it gave, much less breached, any express warranties or that it knew or should have known of the alleged defect in the pickup truck. After the completion of discovery, the plaintiff has not identified any specific facts which would otherwise support any of its allegations against Collins. Both the plaintiff himself and his testifying expert witnesses have admitted that they have no criticisms against Collins with respect to this matter. Thus, there is simply no proof of record to support any of the claims made by the plaintiff in his complaint against Collins. The plaintiff has failed to file a response and the time for same has passed.[1]

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " <u>Patton v. Bearden</u>, 8 F.3d 343, 346 (6th Cir. 1993) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 251-52

---

[1] The plaintiff's response [DE #43] addresses the arguments in Ford's motion for summary judgment, but does not address the arguments in Collins's motion.

(1986)). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." Moore v. Phillip Morris Companies, Inc., 8 F.3d 335, 340 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. Id. at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted).

In the present case, Collins is clearly entitled to summary judgment. The plaintiff has not come forth with *any* evidence in support of the claims he made against Collins in his complaint, much less "significant probative evidence." Based upon this, the Court will grant Collins's motion.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

    (1)    the motion of defendant Collins for summary judgment [DE #37] is GRANTED;

    (2)    the plaintiff's claims against Collins are DISMISSED WITH PREJUDICE and the plaintiff shall take nothing thereby;

(3)  judgment will be entered in favor of Collins at the conclusion of this case; and

(4)  this order is interlocutory in all respects.

This February 22, 2007.

Signed By:

*Karl S. Forester* KSF

United States Senior Judge